**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERROL GEORGE HUNTER,<br><br>        Petitioner,<br><br>        v.<br><br>PAMELA BONDI, Attorney General, United States Department of Justice; KRISTI NOEM, Secretary, United States Department of Homeland Security; TODD LYONS, Acting Director, Immigration and Customs Enforcement; and CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center,<br><br>        Respondents. | Case No.: 3:26-cv-00894-BTM-VET<br><br>**ORDER (1) TO SHOW CAUSE; (2) GRANTING MOTION TO APPOINT COUNSEL; (3) ENJOINING REMOVAL FROM THE SOUTHERN DISTRICT; AND (4) DENYING AS MOOT TEMPORARY RESTRAINING ORDER**<br><br>**[ECF NOS. 2 & 3]** |

Errol George Hunter petitioned the Court for a writ of habeas corpus on February 11, 2026.  (ECF No. 1.)  Hunter also filed a motion to appoint counsel and a motion for a temporary restraining order to prevent the Respondents from removing him from Otay Mesa Detention Center before his habeas petition is adjudicated.  (ECF Nos. 2 & 3).  After reviewing the petition, the Court concludes that dismissal of his petition without briefing is unwarranted.  Accordingly, the Court orders as follows.

First, the Court orders the Respondents to show cause why the petition should not

be granted.  The Respondents must file a return no later than March 2, 2026.  Hunter may file a traverse no later than March 9, 2026.  The Court will consider the matter on the papers unless otherwise ordered.

Second, the Court **grants** the motion to appoint counsel.  The Court appoints the Federal Defenders of San Diego, Inc., to represent Hunter in this case.  The Court finds that the interests of justice require that Hunter, who seeks relief under 28 U.S.C. § 2241, receive representation.

Third, the Respondents are **enjoined** from removing Hunter from the Southern District of California until the petition is decided.  *See* 28 U.S.C. § 1651 ("[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions . . . .").

Fourth, because the Court has enjoined the Respondents from removing Hunter, his motion for a temporary restraining order requesting the same relief is **denied as moot**. (ECF No. 3).

**IT IS SO ORDERED.**

Dated:  February 19, 2026

_____
Honorable Barry Ted Moskowitz
United States District Judge

26-cv-894