# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ERROL GEORGE HUNTER,

    Petitioner,

    v.

CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center, et al.,

    Respondents.

Case No.: 3:26-cv-00894-BTM-VET

**ORDER GRANTING AMENDED HABEAS PETITION**

26-cv-894

Pending before the Court is Errol George Hunter's amended petition for a writ of habeas corpus.

### a. Background

Petitioner, a native of Jamaica, arrived in the United States in 1999. Petitioner claims to be married to a United States citizen. Petitioner filed an adjustment of status application and an asylum application. In August 2025, Petitioner was charged in Connecticut with first-degree larceny. In July 2025, Petitioner was arrested in New York for a domestic violence offense, but the New York charges were dropped. The Connecticut charges appear to be pending, but Petitioner has been prevented from litigating them due to this present detention by the Department of Homeland Security.

Immigration officials detained Petitioner on September 30, 2025. Petitioner's merits hearing scheduled for April 15, 2026, was continued to May 7, 2026. In the Amended Petition, Petitioner claims that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226. Petitioner argues that since he was living in the interior of the United States, he is not an applicant for admission. Petitioner also questions the neutrality of immigration judges and thus asks this Court to grant relief accounting for that issue.

The Government claims that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c). Petitioner argues that if he is subject to detention under Section 1226(c), then his detention under that section is unconstitutional as applied to him.

### b. Discussion

The Court will consider Petitioner's as-applied challenge under the factors from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See S.E. v. Noem*, No. 26-cv-00356-DAD-SCR, 2026 U.S. Dist. LEXIS 15054, *4-5 (E.D. Cal. Jan. 27, 2026) (considering as-applied challenge to Section 1226(c) detention under the *Mathews* factors).[1] The *Mathews* factors

---

[1] Petitioner is not required to further exhaust any potential administrative remedies. *See, e.g.*, *Esquivel-Ipina v. LaRose*, No. 25-cv-2672, 2025 U.S. Dist. LEXIS 210275, *9 (S.D. Cal. Oct. 24, 2025) (finding exhaustion futile). The Government has also waived the issue of exhaustion by raising it in a footnote. *United States v. Rodriguez*, 971 F.3d 1005, 1015 n.8 (9th Cir. 2020) (finding an issue in a footnote insufficiently raised).

26-cv-894

weigh (1) the private interest at stake; (2) whether the procedural protections available to the petitioner risk the deprivation of his interest; and (3) the Government's interest, including the burdens of any additional potential protections. *Mathews*, 424 U.S. at 335.

Here, under the first factor, Petitioner has a strong interest in being free from detention during his administrative proceedings. *S.E.*, 2026 U.S. Dist. LEXIS 15054 at *6 ("Petitioner's private interest to remain free from detention weighs in favor of granting some due process."). Under the second factor, the Government contends that Petitioner has no right to a bond hearing. "[T]he risk of erroneous deprivation of petitioner's liberty is high under such circumstances." *Id.* at *7-8. Last, under the third factor, the Court finds that a bond hearing would impose a de minimis burden on the Government compared to continued detention.

The Court thus rules that Petitioner is entitled to additional procedural protections under the Due Process Clause. *See id.* (granting a bond hearing to a Section 1226(c) detainee pursuant to the *Mathews* factors). The Court will grant Petitioner a bond hearing at which the Government bears the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight.

Last, on the present record, the Court declines to question the neutrality of IJs, but the Court will provide additional safeguards to address Petitioner's concerns. The bond hearing must be before a fair, neutral, and open-minded IJ. If the IJ denies bond, the judge must make specific findings as to why Petitioner is a danger to the community or a flight risk. If Respondents or the IJ fail to comply with this order and the writ, Petitioner can apply to this Court for relief. Respondents have shown the upmost respect for this Court's judgments and have timely followed them thereby enabling the mutual respect of the Court. There is no reason to believe that the mutual respect for coequal branches of the government will not continue here in the Southern District of California. The remedy of release without bond is denied without prejudice. The alternative remedy of a bond hearing in front of this Court is also denied without prejudice.

**c. Conclusion**

26-cv-894

For the reasons stated, the Amended Petition for a writ of habeas corpus is granted in part. Respondents are ordered to provide Petitioner an individualized bond hearing before a fair, neutral, and open-minded immigration judge no later than May 7, 2026, at which the Government bears the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight. Respondents shall make a complete record of the bond hearing available to Petitioner and his counsel. If the IJ denies bond, the judge must make specific findings as to why Petitioner is a danger to the community or a flight risk. The parties must file a status report confirming compliance with this order no later than May 8, 2026.

**IT IS SO ORDERED.**

Dated:  April 17, 2026

Honorable Barry Ted Moskowitz
United States District Judge

26-cv-894